**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**NORTHERN DIVISION**

| | |
|---|---|
| GREG ANSPACHER, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:16-cv-199 |
| ATLANTIC CREDIT & FINANCE, | ) |
| Defendant. | ) |

## PLAINTIFF'S COMPLAINT

Plaintiff, GREG ANSPACHER ("Plaintiff"), through his attorneys, The Law Firm of Michael Alan Siddons, Esquire, alleges the following against Defendant, ATLANTIC CREDIT & FINANCE, ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §1331 and 15 U.S.C. §1692k.

3. Jurisdiction of this Court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

1

## PARTIES

5. Plaintiff is a natural person residing in Salisbury, Wicomico County, Maryland.

6. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3).

7. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

8. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6).

9. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

10. Defendant is a national collection agency headquartered in Roanoke, Roanoke County, Virginia.

11. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

12. When an unpaid, outstanding account is placed with Defendant it is assigned an account number.

13. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

14. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

15. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

16. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

17. Defendant is attempting to collect a consumer debt from Plaintiff.

18. Plaintiff's alleged debt owed arises from transactions for personal, family, and household purposes.

19. In or around July 2015, Defendant began placing collection calls to Plaintiff's work number, ending in 2659, in connection with the alleged debt.

20. Defendant placed virtually daily incessant calls to Plaintiff's work number, generally calling once or twice every day asking to speak with Plaintiff.

21. The calls that Plaintiff receives at work are from 800-888-9419, which is one of Defendant's telephone numbers.

22. In or around July 2015, Plaintiff's office manager, Cary, answered one of the telephone calls from Defendant and spoke with one of Defendant's collectors, a man who identified himself as Eric.

23. During the aforementioned conversation, Plaintiff's office manager told Defendant's collector that Plaintiff could not receive such calls at work and to stop calling Plaintiff at his work number.

24. Despite this request, Defendant continued to place repeated collection calls to Plaintiff's work telephone number.

25. Plaintiff's office manager has told Defendant's collector, Eric, on several occasions to stop calling Plaintiff at Plaintiff's work telephone number.

26. On or about August 25, 2015, Plaintiff's attorney's office faxed a cease and desist letter to Defendant requesting that Defendant cease all further communications with Plaintiff or Plaintiff's employer.

27. On August 25, 2015, Plaintiff's attorney's office received a fax confirmation report showing that the fax transmission was successful.

28. The natural consequences of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

29. The natural consequences of Defendant's statements and actions was to cause Plaintiff mental distress.

## COUNT I:
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

30. Defendant violated the FDCPA based on, but not limited to, the following:

    a. Defendant violated §1692b(1) of the FDCPA by communicating with any person other than the consumer more than once, when Defendant called Plaintiff's place of employment several times asking to speak with Plaintiff after Plaintiff's office manager requested that Defendant stop calling Plaintiff at work;

    b. Defendant violated §1692c(a)(3) of the FDCPA by continuing to call Plaintiff's place of employment after Plaintiff's office manager told Defendant's collection agent to stop calling;

    c. Defendant violated §1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt when Defendant continued to place collection calls to Plaintiff after Defendant was made aware that Plaintiff could not receive such collection calls at work; and

    d. Defendant violated §1692d(5) of the FDCPA by causing the telephone to ring repeatedly or continuously with intent to annoy, abuse, or harass any person

      when Defendant continued to place collection calls to Plaintiff's work after Plaintiff's manager requested Defendant stop calling.

31. Defendant's acts as described above were done intentionally and with the purpose of coercing Plaintiff to pay the alleged debt.

32. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff for actual damages, statutory damages, and costs and attorney's fees.

WHEREFORE, Plaintiff, GREG ANSPACHER, respectfully requests judgment be entered against Defendant, ATLANTIC CREDIT & FINANCE, for the following:

33. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k;

34. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k; and

35. Any other relief this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

January 20, 2016                By: /s/ Michael A. Siddons  
                                       Michael A. Siddons  
                                       Attorney #89018  
                                       The Law Firm of Michael Alan Siddons, Esquire  
                                       230 N. Monroe Street  
                                       PO Box 403  
                                       Media, PA 19063  
                                       Tel: 410-705-0970  
                                       msiddons@siddonslaw.com  
                                       Attorney for Plaintiff